UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN J. BELMONTE, | : | CIVIL ACTION NUMBER: 2:9-4715 |
| Plaintiff, | : | |
| v. | : | OPINION |
| ELIOT SPITZER, and | : | THE HON. WILLIAM J. MARTINI |
| EVERYDAY LOGISTICS, LLC, | : | |
| Defendants. | : | |

## OPINION

Plaintiff Steven J. Belmonte filed a complaint on September 14, 2009 alleging that Defendants Eliot Spitzer and Everyday Logistics, LLC ("Everyday") breached a letter agreement, which was itself entered into to resolve a prior business dispute. The complaint asserted diversity jurisdiction: alleging that the amount in dispute is in excess of $75,000, alleging that Plaintiff was a New Jersey resident, that Spitzer was a New York resident, and that Everyday was a Delaware entity with its principal place of business in New York. The Defendants were served, but have made no filings in this action. Plaintiff subsequently sought entry of default under Rule 55, which was entered by the Clerk of the Court. Now Plaintiff has moved under Rule 55 for a default judgment supported by an affidavit. Again, Defendants have failed to respond. For the reasons elaborated below, the Court will **GRANT** the default judgment.

## I.   BACKGROUND

Plaintiff's affidavit states that Defendants breached a 2006 business agreement detailing the parties' obligations in regard to the Hudson Valley Resort and Spa. Subsequent to the breach, the parties entered into a settlement agreement in 2008, which the Defendants breached. The parties thereafter entered into a letter agreement ("Agreement") dated March 27, 2009. The Agreement provided a release in regard to damages associated with the prior agreements in return for seven monthly payments of $35,534.80. Four payments were made, then payments ceased. Plaintiff now seeks the balance of $142,139, with interest in the amount $8,520.34 (provided for at 9% per annum in the Agreement in case of breach), and attorneys' fees in the amount of $2,048 (also provided for by the Agreement in case of breach).

**II.     DISCUSSION**

    **A.     Default Judgment Standard for Damages**

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *United States v. Gant*, 268 F.Supp.2d 29, 32 (D.D.C. 2003) (citing *Brock v. Unique Racquetball & Health Clubs, Inc*., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. Fed. R. Civ. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

    **B.     Damages**

Defendants failed to make any filing in response to Plaintiff's filings. Plaintiff supports his claim for breach, liability, and damages based on his pleadings, his motion, and an affidavit. These filings are specific and appear in good order. The claims for interest and attorneys are not excessive. The Court has examined the proofs and is satisfied that they comply with the required standard. *See* Fed. R. Civ. P. 55. No hearing was held.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED** in the amount of $152,707.

An appropriate final judgment follows.

<u>s/ William J. Martini</u>
**DATE: May 27, 2010**                                   **William J. Martini, U.S.D.J.**